**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| KATRINA MCCORMICK, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | No. 4:26-cv-00107-JJV |
| | * | |
| FRANK BISIGNANO, | * | |
| Commissioner of the | * | |
| Social Security Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM & ORDER**

Plaintiff, Katrina McCormick, has appealed the final decision of the Commissioner of the Social Security Administration to deny her claim for disability insurance benefits. The Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act because Ms. McCormick could perform work that exists in the economy in substantial numbers despite her impairments. (Tr. 25-39.)

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however,

reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful review of the pleadings and evidence in this case, I find the Commissioner's decision is supported by substantial evidence and Plaintiff's Complaint be DISMISSED.

Plaintiff is fairly young – only forty-two years old at the time of the administrative hearing. (Tr. 59.) She is a high school graduate and has past work as a store manager. (Tr. 36, 60.)

The ALJ[1] first found Ms. McCormick met the insured status requirements of the Social Security Act and has not engaged in substantial gainful activity since her alleged onset date of September 10, 2022. (Tr. 27.) She has "severe" impairments in the form of "migraine/occipital neuralgia, Ehlers Danlos syndrome, cervical degenerative changes, umbilical hernia status post repair, Eagle syndrome status post resection of left calcified styloid ligament, patellofemoral syndrome of the bilateral knees, postural orthostatic tachycardia syndrome (POTS), fibromyalgia, and obesity. (Tr. 27-28.) The ALJ further found Ms. McCormick did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 30.)

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2] 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

The ALJ determined Plaintiff had the residual functional capacity (RFC) to perform a reduced range of sedentary work. (*Id.*) The ALJ utilized the services of a vocational expert to consider available jobs for a hypothetical person with Plaintiff's RFC. (Tr. 74-80.) Based in part on the testimony of the vocational expert, the ALJ determined Plaintiff could perform the jobs of order clerk, purchase clerk, and timekeeper. (Tr. 37-38.) Accordingly, the ALJ determined Ms. McCormick was not disabled. (Tr. 38-39.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-5.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

In support of her Complaint, Plaintiff argues the ALJ failed to consider her migraine headaches when formulating her RFC. (Doc. No. 10 at 3-14.) Specifically, she says the ALJ failed to account for her heightened sensitivity to light, the need to lay down in a dark room for extended periods of time, and consider the amount of time Plaintiff would need off when suffering from a migraine when coming to the conclusion she could perform sedentary work. (*Id.* at 4-11.)

Regarding Plaintiff's migraine headaches, the ALJ first found this was a severe impairment. (Tr. 27.) The ALJ acknowledged her subjective complaints of headaches, (Tr. 31), and recognized that the "record indicates that the claimant had a longstanding history of chronic migraine headaches, myalgias, and excessive joint laxity, which was being treated with medication, Botox injections, bilateral occipital nerve blocks, and trigger point injections that were administered by neurologists at Little Rock Diagnostic Clinic (LRDC)." (Tr. 32.) The ALJ stated:

> At the January 2023 visit at UAMS neurology clinic visit, her provider noted that her migraines were likely secondary to cervicogenic headache, likely due to cervical dystonia. However, the x-rays and CT scans showed no evidence of atlantoaxial instability or segmental instability (Exhibit 9F, pages 9-12). Her physical examination at that time noted that, when sitting in repose, there is a left lateral and right rotational deviation of the head, left shoulder is depressed with

> respect to the right. It was also noted that the left cervical paraspinous musculature was very tense and tender to palpation. The left levator scapular posterior scalene, stemocleidomastoid were all very tense and tender to palpation (Exhibit 9F, pages 4-5). The claimant continued with medication management and was receiving Botox and occipital nerve blocks (Exhibits 11F, pages 8-11, 20, 21; 15F, pages 14-16; 15F, pages 8-11, 107, 108; 13F, page 10; 19F, page 6). Although the claimant reported some improvement of her headaches with Qulipta as well as improved sleep, her overall complaints were unchanged.

(Tr. 32-33.)

Ultimately, the ALJ found:

> The allegations of totally disabling limitations are not supported by, or consistent with, the overall record outlined herein. The undersigned has given careful consideration to the claimant's reports of frequent falls and the need for a rollator walker. While the record documents incidents of falls, there is no documentation of any assistive device by her treatment providers. Similarly, the undersigned has considered the claimant's reports of incapacitating migraines. The undersigned notes that the claimant's migraines are well documented and she was receiving regular treatment that consisted of medication, Botox injections, and trigger point injections. However, her reports of symptoms to her providers did not mirror the severity she described in her testimony. The undersigned also considered her reports of weakness and subluxation. The undersigned notes that there were sporadic findings of weakness in the record, but no reports of subluxation events or medical findings. Additionally, the claimant was generally noted to have a normal gait and there was no sign of atrophy. Lastly, the undersigned considered the claimant's reports of tremors. While there are references to tremors in the claimant's past, there were no consistent complaints or medical findings of tremors during the period at issue. In light of the above, the undersigned finds that the claimant's impairments, considered singularly and in combination, are adequately accommodated by limiting her to sedentary work with additional postural and environmental limitations as detailed above. Additionally, the undersigned has limited her to frequent reaching, handling, fingering, and feeling with the bilateral upper extremities due to her history of tremors, joint hypermobility, and myalgias. Claimant acknowledged driving and was the representative payee for her daughter's benefits. This overall record supports the conclusion claimant can perform a modified range of sedentary work activity.

(Tr. 34.)

While Plaintiff clearly has pain and limitation as a result of her migraines, I find no reversible error here. The ALJ fully and fairly considered Plaintiff's evidence of migraine headaches. And as the Commissioner correctly argues, "Plaintiff simply disagrees with the ALJ's

findings and is requesting this Court to re-weigh the evidence and reach a conclusion that is more beneficial to her. This Court should reject Plaintiff's invitation to re-weigh the evidence, defer to the ALJ's factfinding, and affirm the decision." (Doc. No. 16 at 1.)

Plaintiff's evidence is largely in the form of her subjective allegations. Regarding her subjective symptoms, the ALJ concluded:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the overall record for the reasons explained in this decision.

(Tr. 32.)

Plaintiff argues that the ALJ's rejection of her subjective symptoms was improper. (Doc. No. 10 at 11-14.) But, in coming to his conclusion, the ALJ fully considered Plaintiff's testimony and third-party statements made a part of the record. (Tr. 31-32.) Given this limited review, second-guessing an ALJ's assessment of subjective symptoms is an agonizing task. And being mindful of the "substantial evidence" test in these cases, the record contains adequate objective medical evidence to support the ALJ's determination here.

Regarding the objective medical evidence, Plaintiff has cited pages 793-794, 1201, 1205, 1211-1212, 1216, 1464 of the Administrative Transcript to support her claims. (Doc. No. 10 at 5.) However, the Commissioner points out that:

> . . . two of those appointments were well prior to the alleged onset date and prior to her proper treatment regimen, including appointments in October 2020 (Tr. 1464) and December 2021 (Tr. 793-794). The remaining records Plaintiff cites, although presented as various records the ALJ did not consider, are actually from the same July 2023 emergency department appointment where Plaintiff experienced chest pain and thought she was having a pulmonary embolism (Tr. 1201, 1205, 1211, 1212, 1216), which the ALJ discussed in his decision (Tr. 33).

(Doc. No. 16 at 7-8.) I find the Commissioner's argument persuasive.

Plaintiff also argues that the ALJ failed to consider whether Plaintiff's migraine impairment met or equaled a listed impairment. (Doc. No. 10 at 14-20.) She also argues, "the ALJ ignored listing 11.02 entirely." (*Id.* at 18.)

"Primary headache disorder is not a listed impairment in the Listing of Impairments . . . [but] [e]pilepsy (listing 11.02) is the most closely analogous listed impairment for an [medically determinable impairment] of a primary headache disorder." Social Security Ruling 19-4p. Listing 11.02 provides:

> 11.02 Epilepsy, documented by a detailed description of a typical seizure and characterized by A, B, C, or D:
>
> A. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once a month for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C).
>
> OR
>
> B. Dyscognitive seizures (see 11.00H1b), occurring at least once a week for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C).
>
> OR
>
> C. Generalized tonic-clonic seizures (see 11.00H1a), occurring at least once every 2 months for at least 4 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:
> 1.Physical functioning (see 11.00G3a); or
> 2.Understanding, remembering, or applying information (see 11.00G3b(i)); or
> 3.Interacting with others (see 11.00G3b(ii)); or
> 4.Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
> 5.Adapting or managing oneself (see 11.00G3b(iv)).
>
> OR
>
> D. Dyscognitive seizures (see 11.00H1b), occurring at least once every 2 weeks for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C); and a marked limitation in one of the following:
> 1.Physical functioning (see 11.00G3a); or
> 2.Understanding, remembering, or applying information (see 11.00G3b(i)); or
> 3.Interacting with others (see 11.00G3b(ii)); or

> 4.Concentrating, persisting, or maintaining pace (see 11.00G3b(iii)); or
> 5.Adapting or managing oneself (see 11.00G3b(iv)).

20 C.F.R. Pt. 404, Subpt. P, App. 1.

A claimant has the burden of proving her condition meets or equals an impairment listed in Appendix 1. 20 C.F.R. § 404.1525(d) (1997); *Roth v. Shalala*, 45 F.3d 279, 282 (8th Cir. 1995); *see Marciniak v. Shalala*, 49 F.3d 1350 (8th Cir. 1995). For a claimant to show that her impairment matches a listing, that impairment must meet all the specified medical criteria. *Marciniak*, 49 F.3d at 1353. An impairment that manifests only some of those criteria, no matter how severely, does not qualify. *Id.* The claimant must provide *medical findings* that support each of the criteria for the equivalent impairment determination. *Selders v. Sullivan*, 914 F.2d 614, 619 (5th Cir. 1990)(emphasis added). This she simply has not done.

As the Commissioner points out in his brief:

> Here, the ALJ found after review of the medical evidence "that the severity of [Plaintiff's] impairments do[] not meet or equal a listed impairment, alone or in combination" (Tr. 30). In support, the ALJ explained that the State agency medical experts both found that no such requirements were met (Id.). Although Plaintiff contends that further articulation was required (Pl. Br. 9), this argument contravenes the applicable SSRs.[citations omitted.]

(Doc. No. 16 at 12.)

The Commissioner is correct. And after carefully considering the requirements of Listing 11.02, I find Plaintiff did not provide any objective medical evidence to corroborate her claims her migraines met or equaled a listed impairment.

I have also considered Plaintiff's argument that the ALJ failed to consider Listing 11.02 at all. While Plaintiff raises a fair point, I find the ALJ thoroughly considered Plaintiff's headaches when rendering his decision. (Tr. 27, 31-35.) He fully considered Ms. McCormick's ". . . symptoms and the extent to which these symptoms can reasonably be accepted as consistent with

the other evidence in the record. . . ." 20 C.F.R. § 404.1529; (Tr. 30). Accordingly, I find the ALJ's decision is supported by substantial evidence.

Plaintiff clearly has some limitations. But Plaintiff had the burden of proving her disability. *E.g., Sykes v. Bowen*, 854 F.2d 284, 285 (8th Cir. 1988). Thus, she bore the responsibility of presenting the strongest case possible. *Thomas v. Sullivan*, 928 F.2d 255, 260 (8th Cir. 1991). Plaintiff has simply not met that burden. The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

Counsel has done an admirable job advocating for Plaintiff's rights. But it is not the task of a court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. *Ross v. O'Malley*, 92 F.4th 775, 779 (8th Cir. 2024).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner be affirmed, and that Plaintiff's Complaint be dismissed with prejudice.

DATED this 18th day of September 2026.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE